Nathan D. Alder, #7126
Nathan.Alder@chrisjen.com
Sarah Elizabeth Spencer, #11141
Sarah.Spencer@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone:  (801) 323-5000
Facsimile:  (801) 355-3472

*Attorneys for Defendant General Motors LLC*

<table>
<tr><td colspan="2"><b>IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF UTAH</b></td></tr>
<tr><td>MIGUEL E. JOACHIN-TOMAS,<br><br>     Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC and John Does 1-10.<br><br>     Defendant.</td><td><b>NOTICE OF REMOVAL</b><br><br><br><br>Case No. 2:18-cv-00947-PMW<br><br>Magistrate Judge Paul M. Warner</td></tr>
</table>

Defendant General Motors LLC, ("GM LLC"), pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, removes this action from the Third Judicial District Court in and for Salt Lake County, West Jordan Department, Utah to the United States District Court for the District of Utah. In support of this Removal, GM LLC states as follows:

## I.     THE STATE COURT ACTION

1.     On September 21, 2018, Plaintiff Miguel E. Joachin-Tomas ("Plaintiff") initiated this civil lawsuit against GM LLC in the Third Judicial District Court in and for Salt Lake County, West Jordan Department, Utah, captioned *Miguel E. Joachin-Tomas v. General Motors,*

*L.L.C. and John Does 1-10*, case no. 180907063 (the "State Court Action").  A copy of the Complaint, Summons, and docket from the State Court Action is attached hereto as **Exhibit 1**.

2.      Plaintiff's Complaint was filed against GM LLC and John Does 1-10.  *See* Complaint, p. 1.  GM LLC was served with the Complaint on November 13, 2018. *See Proof* of Service, Exhibit 1, page 9.

3.      While Plaintiff has not articulated the specific legal theories on which his claim rests, it appears from the Complaint that he asserts strict product liability claims against GM LLC related to alleged injuries sustained by Plaintiff in a 2007 Chevrolet Avalanche.  *See* Complaint ¶¶ 8-13.

4.      As for the defendants listed as John Does 1-10, Plaintiff states:

> The true names, capacities or relationships of the Defendants identified above as John Does 1 to 10, inclusive are presently unknown to the Plaintiff at the time of the filing of this action.  Plaintiff sues these Defendants by those fictitious names and will ask permission of the Court to amend this Complaint to show their true names, capacities or relationships when they have been ascertained.  Plaintiff alleges that all of the fictitious Defendants designated in this action were joint tortfeasors with the Defendants named above and were jointly and severally responsible in some manner for the events and happenings referred to in this complaint, that proximately caused the injuries sustained by the Plaintiff and damages to the Plaintiff as set forth below.

Complaint ¶ 4.

5.      In his Complaint Plaintiff "demands judgment against the defendants, and each of them, in an amount deemed fair and just by the court, but in any event not less than the amount of $500,000.00 . . ."  *See* Complaint p. 5.

## II.      Basis of Removal

6.      This case is being removed under 28 U.S.C. §§ 1441(b) and 1446.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in

controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between all properly joined parties.

**A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).**

7.      Among other unspecified damage amounts, the Complaint demands judgment against all defendants "not less than the amount of $500,000.00 . . ."  *See* Complaint p. 5. Because the Complaint alleges damages in excess of $75,000.00, the amount in controversy in this case satisfies the jurisdictional minimum under 28 U.S.C. § 1332.  *See Martin v. Franklin Capital Corp.*, 251 F. 32 1284, 1289 (10th Cir. 2001).

**B. Complete Diversity of Citizenship Exists Among the Properly Joined Parties**

8.      Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the complaint.  *See* 28 U.S.C. §§ 1332 and 1441.

9.      The properly joined parties to this case are the Plaintiff and GM LLC.

10.      The Plaintiff is and was at the time the state court action commenced, a resident of the State of Utah.  *See* Complaint, ¶ 1.  Accordingly, Plaintiff is a citizen of Utah for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

11.      Defendant GM LLC is, and was at the time the state court action commenced, a Delaware limited liability company with its principal place of business located in the State of Michigan.  *See* Delaware Secretary of State Entity Details attached hereto as **Exhibit 2**.

12.      GM LLC is 100 percent owned by General Motors Holdings LLC. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC is 100 percent owned by General Motors Company. General Motors Company is a Delaware corporation with its principal place of

business in Michigan. Accordingly, GM LLC is *not* a citizen of Utah for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *see also Siloam Springs Hotel, LLC v. Century Surety Company*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

13.     With regard to the Defendants named as John Does 1 to 10, the Complaint states that "The true names, capacities or relationships . . . are presently unknown to the Plaintiff at the time of the filing of this action." *See* Complaint ¶ 4. These John Doe defendants pose no impediment to removal in this case because the 10th Circuit has consistently held that the citizenship of defendants sued under fictitious names shall be disregarded. *See* 28 U.S.C. § 1441 (b)(1); *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234 (10th Cir. 2006).

14.     As Plaintiff is a citizen of Utah and GM LLC is not a citizen of Utah, there is complete diversity of citizenship between the properly joined parties to this lawsuit.

### III.     Compliance with Removal Statutes

*A.  Proper Venue.*

15.     The United States District Court for the District of Utah encompasses Salt Lake County, the county in which the subject accident occurred and the county in which the Plaintiff filed the state court action. *See* Complaint ¶ 5. Therefore, this case is properly removed to this Court under 18 U.S.C. § 1441(a).

### B.  Timeliness of Removal.

16.     GM LLC was served with a copy of the Complaint on November 13, 2018. *See* Proof of Service, Exhibit 1, page 9.

17.     This Notice of Removal was filed within 30 days after service of the Complaint on GM LLC, and is therefore timely under the provisions of 28 U.S.C. § 1446(b).  No previous application has been made for the relief requested herein.

### C.  Notice.

18.     Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Clerk for the Third Judicial District Court in and for Salt Lake County, Utah.

19.     A copy of the Notice of Filing Notice of Removal, which is being filed in the State Court Action, is attached at **Exhibit 3.**

## IV.     Non-Waiver of Defenses

20.     In removing this case to federal court, GM LLC has not waived any available defenses to the allegations asserted against it in the Complaint and, unless otherwise stated in GM LLC's Answer, GM LLC has not admitted to any of the allegations set forth in the Complaint.  GM LLC expressly reserves the right to assert all available defenses to each allegation in the Complaint.

## V.     Conclusion and Prayer

21.     As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Accordingly, GM LLC

respectfully requests that this lawsuit be removed to the United States District Court for the District of Utah.

Respectfully submitted this 12th day of December, 2018.

CHRISTENSEN & JENSEN, P.C.

*/s/  Sarah E. Spencer*
Nathan D. Alder
Sarah E. Spencer
*Attorneys for Defendant General Motors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on the following as noted:

Cory R. Wall, Esq.
Gregory  B. Wall, Esq.
WALL & WALL, PC
2168 E. Fort Union Blvd.
Salt Lake City, Utah 84121
cory.wall@walllegalsolutions.com

*Anne L. MacLeod*